## S13Y0714. IN THE MATTER OF RALPH JOSEPH HIERS.
(748 SE2d 923)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Ralph Joseph Hiers (State Bar No. 351937). The State Bar attempted to serve Hiers personally at the address listed with it, but the sheriff filed a return of service non est inventus. The State Bar then properly served Hiers by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). As Hiers failed to file a Notice of Rejection, we grant the State Bar's motion for default and find Hiers to be in default. See Bar Rule 4-208.1 (b). Accordingly, Hiers has waived his rights to an evidentiary hearing and is subject to such discipline and further proceedings as may be determined by this Court. See id.

The facts, as deemed admitted by virtue of Hiers' default, show that a client was referred to Hiers, who was admitted to the Bar in 1996, through her pre-paid legal insurance plan for possible representation in a divorce action filed by her husband. The client met with Hiers in August 2011, retained him, and made an initial payment of $200. Hiers told her that an additional payment of $275 would be required before he would speak with opposing counsel or file anything on her behalf. In early September 2011 the client delivered the additional $275 to Hiers' office. Shortly thereafter Hiers called the client and asked her to review a draft counterclaim he had e-mailed to her. She did so and responded to Hiers by e-mail that same day. Several days later the client sent Hiers another e-mail asking him a question about her case, but Hiers never responded. Although the client made repeated efforts to contact Hiers, she was never successful, and he never contacted her again. She initiated a grievance with the State Bar in November 2011, and in mid-November 2012 Hiers contacted the Investigative Panel. He advised that he had been experiencing serious health issues, acknowledged that he owed the client a fee refund and indicated that he would consider whether to file a petition for voluntary discipline. Hiers, however, has failed to make further contact with the Investigative Panel, has failed to submit a petition for voluntary discipline, and has failed to refund any money to the client.

Based on these facts, the State Bar contends that Hiers violated Rules 1.2, 1.3, 1.4, 1.16, 3.2, and 8.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), but it does not specify which subsection of Rule 8.4 it contends was violated. The maximum sanction for a violation of Rules 1.2 or 1.3 is disbarment. In support of its request to disbar Hiers, the State Bar notes in aggravation that

he failed to respond to the Notice of Investigation and that he has a disciplinary history, having received an Investigative Panel reprimand in June 2012.

Having reviewed the record, we agree that disbarment is the appropriate sanction. Therefore, it is hereby ordered that the name of Ralph Joseph Hiers be removed from the rolls of persons authorized to practice law in the State of Georgia. Hiers is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.